**State of Vermont**
**Superior Court—Environmental Division**

================================================================================

# E N T R Y   R E G A R D I N G   M O T I O N

================================================================================

**In re Smith Building Permit**                                                        **Docket No. 208-12-10 Vtec**
**(Planning Commission Zoning/Subdivision)**

Title: Motion to Alter Judgment (Filing No. 18)

Filed: July 15, 2013

Filed By: Applicant/Appellant William Smith

Response: In opposition filed on July 26, 2013 by the Town of Concord

Oral Arguments Hearing held on October 8, 2013.

___ Granted                             _X_ Denied                             ___ Other

Pending before the Court is William and Rosemary Smith's post-judgment motion to alter the judgment rendered by this Court on June 18, 2013 in favor of the Town of Concord ("the Town"). The request by William and Rosemary Smith ("the Smiths") follows from a long, and so far unsuccessful, effort to obtain a permit for their garage.

On April 14, 2008, the Smiths received a permit to build a garage from the Town's Zoning Administrator ("Zoning Administrator"), conditioned on construction being completed within one year from the date the permit issued. The Smiths did not begin construction until over one year after their 2008 permit issued. On May 11, 2009, the Smiths applied for a second permit for their garage, which the Zoning Administrator approved that day. A concerned neighbor, Deborah Noble ("Ms. Noble"), appealed the Zoning Administrator's approval to the Town's Zoning Board of Adjustment ("the ZBA"), and the ZBA ultimately denied the Smith's permit application. The Smiths then timely appealed the ZBA's denial to this Court.

The Court conducted a full merits hearing on June 3 and 4, 2013. Upon conclusion of the hearing, the Court announced its Findings of Fact and Conclusions of Law on the record and denied the Smiths' permit application as presented. The Court memorialized its final determination in a written Judgment Order. In re Smith Building Permit, No. 208-12-10 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. June 18, 2013) (Durkin, J.). Specifically, the Court found that the Smiths' property and their garage are located in a "Zone A" special flood hazard area, as identified on the portion of the National Flood Insurance Program map (as revised Sept. 30, 1992) depicting the Smiths' and neighboring properties. Pursuant to the Town of Concord Zoning Bylaws ("Bylaws"), construction in a special flood hazard area requires conditional use approval. Bylaws Art. III, §§ 11.3 and 11.2(a). Despite the Court's cautioning in response to pretrial motions, the Smiths failed to present admissible evidence of the base flood elevation for this area and the lowest garage floor elevation to satisfy their evidentiary burden for conditional use approval.

In the pending motion, the Smiths ask the Court to dismiss Ms. Noble's appeal and reinstate the permit for their garage. Alternatively, the Smiths ask the Court to issue a

conditional use permit, conditioned on the Smiths providing information necessary to prove that the elevation of their garage's lowest floor is above the base flood elevation. The Smiths raise six issues in their request: (1) the timing of Ms. Noble's filing fee in her appeal to the ZBA; (2) the admissibility of the Federal Emergency Management Agency ("FEMA") documents offered by the Smiths; (3) the evidence that the proposed garage was in a flood plain and therefore required a conditional use permit; (4) the burden of proof; (5) the possibility of issuing a permit with conditions; and (6) V.R.E.C.P. 2(e)(1), regarding the Court's discretion in admitting evidence of a type "commonly relied upon by reasonably prudent persons in the conduct of their affairs."

We recognize four principal grounds for granting a motion to alter or amend: (1) "to correct manifest errors of law or fact"; (2) to allow a moving party to "present newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in the controlling law." In re Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, & 136-8-10 Vtec, slip op. at 10–11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.) (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1); Drumheller v. Drumheller, 2009 VT 23, ¶ 29, 185 Vt. 417 ("Vermont Rule 59(e) is substantially identical to Federal Rule of Civil Procedure 59(e), and we have looked to federal decisions interpreting the federal rule for guidance in applying the Vermont rule.").

The Smiths do not suggest how any of the six issues raised in their request might establish one or more of the four grounds for granting a post-judgment motion to alter or amend. Moreover, in discussion of these six issues, the Smiths have not made any showing of an error of law or fact, new evidence, injustice, or a change in the controlling law that would warrant an alteration of the Court's Findings and Conclusions. We therefore conclude, for the reasons detailed below, that the Smiths' post judgment motion to alter must be **DENIED**.

### 1.    Filing Fee

On January 9, 2012, this Court denied the Smiths' motion for summary judgment and granted the Town's cross-motion, finding it undisputed that Ms. Noble's appeal was properly filed. At that time, the evidence presented to the Court indicated that Ms. Noble filed her appeal and fee waiver request within two days after the 2009 permit was issued (and therefore within the 15 day limit of 24 V.S.A. § 4465(a)) and paid the required fee after her fee waiver request was denied. The Smiths have offered no additional information to contradict the Court's conclusion that Ms. Noble followed the proper procedural steps to appeal, including those concerning the payment of her filing fee. While the Smiths assert a new theory that Ms. Noble's delayed fee payment rendered her filing invalid under 24 V.S.A. § 4440(c), this restrictive reading of Section 4440(c), after this Court's decision has been issued, is not a sufficient ground to alter judgment.

### 2.    Admissibility of FEMA Documents

The Court has expressly and repeatedly suggested to the Smiths that they make the necessary arrangements to submit admissible evidence at trial demonstrating either that their property is not within a special flood hazard area or that the elevation of the lowest floor of the garage is at or above the base flood elevation. In re Smith Building Permit, No. 208-12-10 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Aug. 8, 2012) (Durkin, J.) (responding to the Town's Mem. to the Court Regarding Interpretation of FEMA Material). Before trial, in granting the Smiths' Motion for Subpoena Duces Tecum, the Court recognized that reports kept by a public

agency in its ordinary course of business may be admissible at trial. The Court then encouraged the Smiths to retain counsel to help procure relevant admissible documents from FEMA.

Nevertheless, at trial, the Smiths offered the same FEMA Letter of Map Amendment ("LOMA") that they had submitted prior to their motion for subpoena duces tecum, but provided no foundational evidence for the document or how it should be properly interpreted. In fact, the Smiths presented the Court with a mere photocopy that <u>did not</u> contain a certification as to its authenticity. The Court had previously expressed its concern about what the document evidenced, particularly in light of the legal issued presented at trial. Following the Town's timely objection, the Court concluded that without the proper foundational testimony, the Court could not conclude that the mere submission of a copy of the LOMA allowed the Court to admit it as evidence. In their post-trial filings, the Smiths have neither demonstrated an error of law nor submitted any newly discovered or previously unavailable evidence on the special flood hazard area or base flood and garage elevations.

### 3.      Burden of Proof and Admissible Evidence of Special Flood Hazard Location

In their appeal to this Court, we reviewed the Smiths' permit application *de novo*. V.R.E.C.P. 5(g). Therefore, the Smiths had the burden of proving they satisfied the applicable Bylaw requirements for a permit to build their garage. According to Article III, §§ 11.1 and 11.2 of the Bylaws, areas "identified as areas of special flood hazard on the current National Flood Insurance Program maps" require a conditional use permit for building construction. In fact, the Smiths offered into evidence correspondence from the State of Vermont Department of Environmental Conservation (dated September 16, 2008) that confirmed that their property was in the Zone A flood hazard area, as established by the National Flood Insurance Program ("NFIP"). When the Town did not object to the admission of the DEC correspondence, and even spoke in favor of its admissibility, the Court admitted the document as Applicants' Exhibit 2. Attached to the admitted correspondence is a photocopy of the NFIP map. Exhibit 2 at 4. This map identifies the Smith property as located within Flood Hazard Area Zone A. Thus, based upon the only evidence presented to the Court, we concluded that their property was located in the Flood Hazard area and that their proposed development required a conditional use permit.

In considering conditional use permit applications, the ZBA in the first instance, and this Court on appeal, must obtain from the applicant the proposed elevation information and any other information on the suitability of the site. Bylaws Art. III, § 11.4(a)(1). Further, the reviewing body must then consider several criteria, including (1) the base flood elevation and its relationship to the elevation of the proposed project; "(2) the availability of alternative locations not subject to flooding . . ."; and (3) "the susceptibility of the proposed improvement to flood damages," as well as several others. Bylaws Art. III, §§ 11.4(b) and 11.5(g).

As before the ZBA, the burden of proof at trial was on the Smiths to prove that they satisfied all Bylaw provisions. With the NFIP map as a baseline, the Smiths failed to provide admissible evidence to meet their evidentiary burden for either a permit or conditional use approval.

### 5.      Issuing a Permit with Conditions and V.R.E.C.P. 2(e)(1)

This Court may, in its discretion, admit evidence that is not admissible under the Vermont Rules of Evidence "if it is of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs." V.R.E.C.P. 2(e)(1). At trial, the Court sustained the

Town's hearsay objection to the introduction of the LOMA.  The Smiths now argue that because the court had discretion to admit this evidence at trial, we should reconsider our decision not to admit the offered document.  Again, the Smiths fail to demonstrate any of the principal grounds for granting a motion to reconsider.  We are asked to look at the same evidence under the same controlling law, and we do not believe we sustained the Town's hearsay objection in error or that doing so created a manifest injustice.  In fact, since the copy offered did not contain a certificate as to its authenticity, we conclude that manifest injustice would have occurred had we admitted the document offered.

The Court gave the Smiths both notice and opportunity to submit admissible evidence regarding the location of the garage relative to any area of special flood hazard, the base flood elevation, or lowest floor elevation.  Having declined to submit any of the necessary information either prior to judgment or in their current motion, the applicable procedural rules do not allow this Court to provide the Smiths with yet another opportunity to satisfy their burdens of production and persuasion.  We therefore must **DENY** their pending post-judgment motion to alter.

Because the Smiths have not shown that any of the basic grounds for granting a motion to alter judgment are met, this motion is **DENIED**.

_____          _____October 28, 2013_____
             Thomas S. Durkin, Judge                                     Date
=========================================================================
Date copies sent: _____                              Clerk's Initials: _____
Copies sent to:
  Barry Kade, Attorney for William and Rosemary Smith, Applicants/Appellants
  Thomas R. Paul, Attorney for Appellee Town of Concord